# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JULIO SEVILLANO,**
    **Plaintiff,**                                                **Case No:**

v.

**BOARD OF COUNTY**
**COMMISSIONERS,**
**ORANGE COUNTY, FLORIDA,**
    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIO SEVILLANO, sues Defendant, BOARD OF COUNTY COMMISSIONERS, ORANGE COUNTY, FLORIDA, pursuant to Title I of the Americans with Disabilities Act (ADA), as amended (ADAAA) and alleges:

## SUMMARY OF CLAIM

1. Plaintiff was a long-term employee of Defendant a bus driver with a history of back problems. On or about January 17, 2014, he suffered a severe workplace injury to his back resulting in a Family Medical Leave Act ("FMLA") leave of absence.

2. While on FMLA leave, Defendant wrongfully terminated Plaintiff. Plaintiff complained to the Department of Labor ("DOL"), who decided in favor of Plaintiff; thus, Defendant reemployed Plaintiff as of about June 2, 2014.

3. Although having ample knowledge about Plaintiff's back condition

1

from his FMLA claim, Worker's Compensation Claim, and history of workplace back injuries, Defendant reassigned him to an "Equipment Operator I" position instead of as a bus driver or similar job. See **Exhibit A** (job description).

4. On June 2, 2014, Plaintiff reported to work as Equipment Operator I. However, to Plaintiff's surprise, Defendant was not "operating motor vehicles" but instead entailed performing manual labor-intensive tasks Defendant knew Plaintiff could not perform and should have known would cause him further injury, such as lifting 80-pound bags of concrete, cleaning deep ditches and lifting stumps.

5. Although Plaintiff informed Defendant he could not perform the labor-intensive tasks, he still tried to perform the job, resulting in further injury to his back. Subsequently, on June 6, 2014, Plaintiff wrote the letter attached hereto as **Exhibit B**. Among other things, it also asked Defendant to "consider my situation and help me attain a position that I can perform."

6. In about September 2014, Plaintiff applied for at least seven other positions with Defendant and was indisputably qualified for at least one of them – Park Specialist. However, upon arrival at the time for his interview, Defendant refused to interview him. Instead, ultimately, Defendant terminated him.

7. Therefore, Defendant violated the ADA/ADAAA by: a) reassigning him to a labor-intensive job it knew or should have known he could not perform and/or would injure him further considering his physical limitations; b) failing to

accommodate Plaintiff and restructure the Equipment Operator I position to reallocate or redistribute marginal job functions and/or eliminate nonessential tasks; c) failing to expeditiously engage in the interactive process upon his return to work to determine if the Equipment Operator I position would be suitable; and d) failing to interview and reassign Plaintiff to the Park Specialist position.

## STATUTORY PREREQUISITES

8. Plaintiff has exhausted the required administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein.

9. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC). See attached **Exhibit C**.

10. Plaintiff received a right to sue notice from the EEOC. See attached **Exhibits D** and **E**.

11. This complaint has been timely filed.

## JURISDICTION, VENUE AND PARTIES

12. Venue is proper as the acts and/or omissions occurred within this district.

13. This Court has jurisdiction to hear Plaintiff's claims.

14. Plaintiff is a citizen of Florida and the United States.

15. Defendant has or usually keeps, an office for transaction of its customary business in Orange County, Florida.

16. Defendant is an employer within the meaning of Title I of the ADA.

## GENERAL ALLEGATIONS

17. Plaintiff worked for Defendant as a long-term employee since about 1991, mostly as a bus driver. He has a history of back problems and herniated disk, of which Defendant was aware.

18. On or about January 17, 2014, Plaintiff further injured his back on the job, resulting in surgery. Plaintiff promptly notified Defendant of the injury and subsequently made a worker's compensation claim. Moreover, Plaintiff took FMLA leave for his medical condition.

19. Plaintiff's painful chronic back condition (and associated herniated disk, degenerative disease, and umbilical hernia) impacted his ability work because, among other things, it limited the amounts he could lift. In addition to lifting weight, it also affects his ability to walk long distances, sit too long, standing too long, and sleep at night, all of which are major life activities.

20. During Plaintiff's long employment with Defendant, the worker's compensation process, and/or the FMLA process (and/or, subsequently, the DOL investigation), Defendant learned about Plaintiff's medical status and condition. See, e.g. **Exhibit F**

21. While out on FMLA, Defendant wrongfully terminated Plaintiff, causing Plaintiff to file a complaint with the DOL.

22. After an investigation ending in about May 2014, the DOL sided with Plaintiff. Thus, Defendant reemployed him. However, although a position of Park Specialist had previously been offered to Plaintiff in about January 2014, Defendant claimed to the DOL that position had been filled and thus it reassigned him to the Equipment Operator I position.

23. On May 29, 2014 (a Thursday), Plaintiff informed the DOL (whom subsequently informed Defendant's legal counsel ) that Plaintiff was "very concerned he had no experience working this type of equipment nor the correct license to operate the equipment" required as an Equipment Operator I.

24. In response, legal counsel for Defendant emailed the DOL a job description for the Equipment Operator I job and stated the position is not operating heavy equipment and that Plaintiff "meets these job qualifications so his concerns should be addressed once he sees this position description."

25. On May 30, 2014, following Defendant's instructions, the DOL informed Plaintiff to appear for work Monday, June 2nd, for the Equipment Operator I job. Plaintiff believed this position entailed him driving a truck, such as a light duty truck, which he could perform with his limitations and which was well suited for him given his history as a bus driver.

26. On June 2, 2014, Plaintiff arrived for the Equipment Operator I job. However, Plaintiff was unable to perform the job duties for that position because it

was not operating a light to medium sized truck, it had him performing tasks that he obviously could not perform such as: (a) lifting 80-pound bags of concrete mix, (b) cleaning deep ditches with a shovel with 5-pound buckets and dumping them, (c) cutting trees and lifting stumps, and (d) framing and pouring concrete.

27. Thus, on June 2, 2014, Plaintiff informed Defendant he would have difficulty performing those job duties in a meeting with Human Resources and three supervisors. However, Defendant required Plaintiff to stay in that position and Plaintiff soon reinjured his back performing the Equipment Operator I position.

28. On June 6, 2014, in a written letter to Human Resources, Plaintiff again partially described his medical conditions and stated: "I hope you all consider my situation and help me attain a position that I can perform." See **Exhibit B**.

29. In September 2014, Plaintiff applied for about seven other positions with Defendant and was indisputably qualified for one of them (i.e. Park Specialist). However, upon arrival for his interview for Park Specialist, Plaintiff was turned away by the Defendant who refused to interview him.

30. On or about November 21, 2014, Defendant terminated Plaintiff, claiming he was unable to perform the Equipment Operator I position.

## COUNT I
## Americans With Disability Act – Discrimination

31. All prior allegations are incorporated into this Count.

32. Plaintiff is an individual with a disability within the meaning of the ADA, as amended. More particularly, Plaintiff has physical impairments that substantially limit one or more of her major life activities, has a record of such impairment, and was regarded by Defendant as having impairments.

33. Defendant violated the ADA/ADAAA by:

   a. reassigning him to a labor-intensive job it knew or should have known he could not perform and/or would injure him further considering his physical limitations, representing to him it was semi-skilled work operating a truck,

   b. failing to accommodate Plaintiff and restructure the Equipment Operator I position to reallocate or redistribute marginal job functions and/or eliminate nonessential tasks,

   c. failing to expeditiously engage in the interactive process upon his return to work to determine if the Equipment Operator I position (or some other position) would be suitable, and

   d. failing to interview and/or subsequently reassign Plaintiff to the Park Specialist (or similar) position.

34. Defendant's treatment of Plaintiff constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment. Thus,

Defendant's actions constitute violations of the ADA.

35. Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff and undertook a pattern of discriminatory behavior toward Plaintiff.

36. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has been damaged, such as suffering lost wages and benefits.

37. Defendant has caused, continues to cause, and will cause Plaintiff to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays this Honorable Court grant the following relief: an order declaring that Defendant violated Plaintiff's rights under the ADA/ADAAA; an order for compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses; an order for back pay, including the economic value of lost employment benefits and interest on back pay; an order for front pay, including interest on front pay, or for reinstatement in lieu of front pay; an order for reasonable attorney's fees (including expert fees) and costs; an order enjoining Defendant from engaging in any such unlawful employment practice under the ADA/ADAAA; punitive damages to the extent available under the law; for any other affirmative action or equitable relief as the Court deems appropriate; and an award for all other damages

available under the ADA/ADAAA.

## **JURY DEMAND**

Plaintiff requests a trial by jury as to all issues so triable.

Dated: August 7, 2019

/s/ Michael Massey
FBN 153680
Massey & Duffy
352-505-8900
855 E. Univ. Avenue
Gainesville, Florida 32601
**Massey@352law.com**