JULIO SEVILLANO,          ) Case No.: 6:19-cv-1461-Orl-78DCI
      Plaintiff,        )
                        )
v.                         )
                        )
ORANGE COUNTY, FLORIDA,    )
      Defendant.        )
                        )

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIO SEVILLANO, sues Defendant, ORANGE COUNTY, FLORIDA, and allege as follows:

1. This action is to redress violations of the Americans with Disabilities Act ("ADA"), the Florida Civil Rights Act ("FCRA"), and the Family Medical Leave Act ("FMLA").

### SUMMARY OF CLAIM

2. Plaintiff was a long-term employee of the Defendant as a bus driver with a history of back problems. On or about January 17, 2014, he suffered a severe workplace injury to his back resulting in his taking a leave of absence under FMLA.

3. While on FMLA, the Defendant wrongfully terminated the Plaintiff. The Plaintiff complained to the Department of Labor ("DOL"), who decided in favor of the Plaintiff. Thus, the Defendant reemployed the Plaintiff as of about June 2, 2014.

4. Although having knowledge of the Plaintiff's back condition from his FMLA claim, a worker's compensation claim, and a history of workplace back injuries, the Defendant

Exhibit 1

reassigned the Plaintiff to a "Equipment Operator I" position instead of his previous position as a bus driver or a similar position. (Ex. A)

5.   On June 2, 2014, the Plaintiff reported to work as an Equipment Operator I.   However, the position did not require operating motor vehicles, but instead entailed performing manual labor-intensive tasks that the Defendant knew the Plaintiff could not perform and/or would cause him further injury, such as lifting eighty pound bags of concrete, cleaning deep ditches, and lifting stumps.

6.   Although the Plaintiff informed the Defendant that he could not perform the labor-intensive tasks, he still tried to perform the duties of the job, resulting in further injury to his back.   Subsequently, on June 6, 2014, the Plaintiff wrote the letter attached hereto as Exhibit B.   Among other things, the Plaintiff asked that the Defendant "consider my situation and help me attain a position that I can perform."

7.   Around September 2014, the Plaintiff applied for at least seven other position with Defendant and was indisputably qualified for at least one position, Park Specialist.   However, upon arrival for the interview, the Defendant refused to interview the Plaintiff for the position.   Instead, ultimately, the Defendant terminated the Plaintiff's employment.

## PARTIES

8.   The Plaintiff is a resident of Orange County, Florida, who was at all times relevant an employee of the Defendant.

9.   The Defendant is a political subdivision of the State of Florida, and is an "employer" as defined by the applicable statutes.

## JURISDICTION AND VENUE

10.   The Court has subject matter jurisdiction of the ADA and FMLA claims pursuant to 28 U.S.C. §1331.

11.   The Court has supplemental jurisdiction of the state claims pursuant to 28 U.S.C. §1367(a).

12.   Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims that underlie this action occurred in this judicial district.

## STATUTORY PREREQUISITES

13.   The Plaintiff has exhausted the required administrative remedies and complied with all statutory prerequisites to maintaining the claims asserted herein.

14.   The Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (See Ex. C)

15.   The Plaintiff received a right to sue notice from the EEOC. (See Exs. D-E)

16. The Complaint in the above-captioned matter was timely filed.

## GENERAL ALLEGATIONS

17. The Plaintiff worked for the Defendant as a long-term employee since about 1991, mostly as a bus driver. He has a history of back problems and a herniated disk, of which the Defendant was aware.

18. On or about January 17, 2014, the Plaintiff further injured his back on the job, resulting in surgery. The Plaintiff promptly notified the Defendant of the injury and subsequently filed a worker's compensation claim. The Plaintiff took leave of absence under FMLA for his medical condition.

19. The Plaintiff's painful chronic back condition and associated herniated disk, degenerative disease and umbilical hernia, impacted his ability to work because, among other things, it limited the amount of weight he could lift. In addition, it affected his ability to walk long distances, sitting too long.

20. During the Plaintiff's employment with the Defendant, through the worker's compensation process, the FMLA process, and/or the DOL investigation, the Defendant learned about the Plaintiff's medical status and condition. (See Ex. F)

21. While out on FMLA leave, the Defendant wrongfully terminated the Plaintiff, causing the Plaintiff to file a complaint with the DOL.

22. After an investigation ending in or around May 2014, the DOL sided with the Plaintiff. Thus, the Defendant reemployed the Plaintiff. However, although a position of Park Specialist had previously been offered to the Plaintiff in or around January 2014, the Defendant claimed to the DOL that the position had been filled and reassigned the Plaintiff to the Equipment Operator I position.

23. On May 29, 2014, the Plaintiff informed the DOL, who subsequently informed Defendant's legal counsel, that the Plaintiff was "very concerned he had no experience working this type of equipment nor the correct license to operate the equipment" required as an Equipment Operator I.

24. In response, legal counsel for the Defendant emailed the DOL a job description for the Equipment Operator I position and stated the position is not operating heavy equipment and that the Plaintiff "meets these job qualification so his concerned should be addressed once he sees this position description."

25. On May 30, 2014, following the Defendant's instructions, the DOL informed the Plaintiff to appear for work on Monday, June 2, 2014, for the Equipment Operator I job. The

Plaintiff believed the duties of this position entailed him driving a truck, such as a light duty truck, which he could perform with his limitations and which was well suited for him given his history as a bus driver.

26. On June 2, 2014, the Plaintiff arrived for the Equipment Operator I position. However, the Plaintiff was unable to perform the job duties for that position because he was not operating a light to medium sized truck. Instead, he was required to perform tasks that he obviously could not perform such as lifting eighty pound bags of concrete mix, cleaning deep ditches with a shovel and five pound bucks and dumping them, cutting trees and lifting stumps, and framing and pouring concrete.

27. Thus on June 2, 2014, the Plaintiff informed the Defendant he would have difficulty performing these job duties in a meeting with Human Resources and three of the Plaintiff's supervisors. However, the Defendant required the Plaintiff to stay in that position and the Plaintiff soon thereafter reinjured his back performing the duties of the Equipment Operator I position.

28. On June 6, 2014, in a written letter to Human Resources, the Plaintiff again partially described his medical condition and stated, "I hope you all consider my situation and help me attain a position that I can perform."

29. In September 2014, the Plaintiff applied for approximately seven other positions with the Defendant and was indisputably qualified for one of them, Park Specialist. However, upon arrival for an interview for the Park Specialist position, the Defendant turned the Plaintiff away and refused to conduct the interview.

30. On or about November 21, 2014, the Defendant terminated the Plaintiff, claiming he was unable to perform the Equipment Operator I position.

COUNT I: DISCRIMINATION BASED UPON DISABILITY (ADA)

31. The Plaintiff incorporates Paragraphs 1-30 as if fully rewritten herein.

32. The Plaintiff is an individual with a disability within the meaning of the ADA. More particularly, the Plaintiff has physical ailments that substantially limit one or more of his major life activities, has a record of such impairment, and/or was regarded by the Defendant as having impairments.

33. The Defendant violated the ADA by:

   a. Reassigning the Plaintiff to a labor-intensive job it knew or should have known he could not perform and/or would injure him further considering his physical limitations, representing to him it was semi-skilled work operating a truck;

    b. Failing to accommodate the Plaintiff and restructure the Equipment Operator I position to reallocate or redistribute marginal job function and/or eliminate non-essential tasks;

    c. Failing to expeditiously engage in the interactive process upon his return to work to determine if the Equipment Operator I position or another position would be suitable for the Plaintiff;

    d. Failing to interview and/or reassign the Plaintiff to the Park Specialist or similar position; and

    e. Terminating the Plaintiff's employment.

34. The Defendant's treatment of the Plaintiff constitutes discrimination against the Plaintiff with respect to the terms, conditions, or privileges of employment. Thus, the Defendant's actions constitute violations of the ADA.

35. The Defendant acted with malice or reckless indifference to the protected rights of the Plaintiff and undertook a pattern of discriminatory behavior towards the Plaintiff.

36. As a direct and proximate result of the Defendant's conduct, the Plaintiff has been damaged, including but not limited to lost wages and benefits.

37. The Defendant has caused, and continues to cause, damages to the Plaintiff for pecuniary losses, mental anguish, loss of the enjoyment of life, and other non-pecuniary losses.

WHEREFORE, the Plaintiff respectfully demands the Court:

a. Take jurisdiction of this matter;

b. Award the Plaintiff damages, including back pay and the value of lost benefits due to the Defendant's unlawful conduct;

c. Award the Plaintiff compensatory damages;

d. Award the Plaintiff prejudgment interest;

e. Order the Defendant to reinstate the Plaintiff to his former or similar position, or in the alternative, award the Plaintiff front pay;

f. Award the Plaintiff a reasonable attorney's fees and costs; and

g. Award the Plaintiff any other relief as the Court deems just and equitable.

## COUNT II: DISCRIMINATION BASED UPON HANDICAP (FCRA)

38. The Plaintiff incorporates Paragraphs 1-30 as if fully rewritten herein.

39. The Plaintiff is a "person" as defined by the FCRA.

40. The Defendant is an "employer" as defined by the FCRA.

41. The Defendant violated the FCRA by:

42. The Defendant violated the FCRA by:

   a. Reassigning the Plaintiff to a labor-intensive job it knew or should have known he could not perform and/or would injure him further considering his physical limitations, representing to him it was semi-skilled work operating a truck;

   b. Failing to accommodate the Plaintiff and restructure the Equipment Operator I position to reallocate or redistribute marginal job function and/or eliminate non-essential tasks;

   c. Failing to expeditiously engage in the interactive process upon his return to work to determine if the Equipment Operator I position or another position would be suitable for the Plaintiff;

   d. Failing to interview and/or reassign the Plaintiff to the Park Specialist or similar position; and

   e. Terminating the Plaintiff's employment.

43. The Plaintiff's handicap was a determining factor in the decisions detailed in the preceding paragraph.

44. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income he would have received should he not have been terminated. The Plaintiff also suffered, and

continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

WHEREFORE, the Plaintiff respectfully demands the Court:

a. Take jurisdiction of this matter;

b. Award the Plaintiff back wages and the value of lost benefits due to the Defendant's unlawful conduct;

c. Award the Plaintiff compensatory damages;

d. Award the Plaintiff prejudgment interest;

e. Order the Defendant to reinstate the Plaintiff to his former or similar position, or in the alternative, award front pay;

f. Award the Plaintiff a reasonable attorney's fees and costs pursuant to Fla. Stat. §760.11(5); and

g. Award the Plaintiff any other relief as the Court deems just and equitable.

## COUNT III: DISCRIMINATION BASED UPON AGE (FCRA)

45. The Plaintiff incorporates Paragraphs 1-30 as if fully rewritten herein.

46. The Defendant is an "employer" as defined by the FCRA.

47. The Plaintiff is a "person" as defined by the FCRA and is over age forty.

48. The Defendant violated the FCRA by:

a. Reassigning the Plaintiff to a labor-intensive job it knew or should have known he could not perform

and/or would injure him further considering his physical limitations, representing to him it was semi-skilled work operating a truck;

b. Failing to accommodate the Plaintiff and restructure the Equipment Operator I position to reallocate or redistribute marginal job function and/or eliminate non-essential tasks;

c. Failing to expeditiously engage in the interactive process upon his return to work to determine if the Equipment Operator I position or another position would be suitable for the Plaintiff;

d. Failing to interview and/or reassign the Plaintiff to the Park Specialist or similar position; and

e. Terminating the Plaintiff's employment.

49. The Plaintiff's age was a determining factor in the decisions detailed in the preceding paragraph.

50. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income he would have received should he not have been terminated. The Plaintiff also suffered, and continues to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

WHEREFORE, the Plaintiff respectfully demands the Court:

a. Take jurisdiction of this matter;

b. Award the Plaintiff back wages and the value of lost benefits due to the Defendant's unlawful conduct;

c. Award the Plaintiff compensatory damages;

d. Award the Plaintiff prejudgment interest;

e. Order the Defendant to reinstate the Plaintiff to his former or similar position, or in the alternative, award front pay;

f. Award the Plaintiff a reasonable attorney's fees and costs pursuant to Fla. Stat. §760.11(5); and

g. Award the Plaintiff any other relief as the Court deems just and equitable.

## COUNT IV: RETALIATION (FMLA)

51. The Plaintiff incorporates Paragraphs 1-30 as if fully rewritten herein

52. In or around January 2014, the Plaintiff took approved medical leave of absence pursuant to FMLA.

53. The Plaintiff was eligible for such leave pursuant to 29 U.S.C. §2612(a)(1)(D).

54. The Defendant terminated the Plaintiff's employment on or about November 21, 2014.

55. The Plaintiff's medical leave was a motivating factor in the Defendant's decision to terminate the Plaintiff's employment.

56. The Plaintiff has suffered, and continues to suffer, damages as a result of the Defendant's unlawful conduct.

57. The Plaintiff also has suffered, and continues to suffer, from mental pain and anguish and damage to his professional and personal reputation as a result of the Defendant's unlawful conduct.

WHEREFORE, the Plaintiff respectfully demands the Court:

h. Take jurisdiction of this matter;

i. Award the Plaintiff back wages and the value of lost benefits due to the Defendant's unlawful conduct;

j. Award the Plaintiff liquidated damages;

k. Award the Plaintiff compensatory damages;

l. Award the Plaintiff prejudgment interest;

m. Order the Defendant to reinstate the Plaintiff to his former or similar position;

n. Award the Plaintiff a reasonable attorney's fees and costs pursuant to 29 U.S.C. §2617(a)(3); and

o. Award the Plaintiff any other relief as the Court deems just and equitable

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 10, 2020, I filed this document with the CM/ECF system, which will send electronic notice to: Susan Spradley, (susan.spradley@gray-robinson.com, Chantal.mccoy@gray-robinson.com), Craig Novick (craig.novick@gray-robinson.com), Gray Robinson, P.A., 301 E. Pine St., Ste. 1400, Orlando, FL 32802.

> **CPLS, P.A.**
> Attorneys│Consultants│Mediators
> 201 East Pine Street, Suite 445
> Orlando, FL 32801
> Tel 407-647-7887
> Fax 407-647-5396
> www.cplspa.com
> CPLS File No. 3956-1
>
> _____
> ALBERTO E. LUGO-JANER, Esq.
> (Lead trial counsel)
> Florida Bar Number 0972592
> alugo-janer@cplspa.com
> MELISSA C. MIHOK, Esq.
> Florida Bar Number 555851
> mmihok@cplspa.com
>
> *Counsel for Plaintiff*

List Job Postings

Job Code 7535
PayGrade: 105
FLSA Status: Non-Exempt

### EQUIPMENT OPERATOR I

#### General Functions
Performs semi-skilled work operating light to medium sized automotive, construction or maintenance equipment.

Distinguishing Characteristics of Work:

This is semi-skilled work operating motor vehicles or construction equipment in the performance of assigned duties. An employee in a position assigned to this classification is responsible for safe operation of the vehicle or equipment. Responsibilities include performing routine safety checks and maintenance of the equipment as necessary. Work is assigned and reviewed by a designated supervisor. Performance is evaluated through observation of work in progress and upon completion for achievement of desired results in a safe, efficient manner.

#### Representative Duties /Assignments
- Operates light truck, riding or power mower, bushhog, small tractor or other automotive equipment.
- Performs maintenance duties as assigned in highway or utility construction maintenance.
- Operates tractor pulling mowing equipment as assigned to perform landscape maintenance.
- May be responsible for pickup and delivery of inventory and supplies.
- Performs routine safety inspection of assigned equipment.
- Performs minor maintenance duties to check oil, fuel, water and air as necessary, cleans and washes equipment.
- May set up barricades and act as spotter or flagman.
- Participates in general labor duties.
- Performs other related work as required.

#### Minimum Qualifications
Six months experience in the operation of automotive, construction, or maintenance equipment, or completion of an Orange County department approved training program.

Must be able to understand and carry out written and oral instructions.

Required to possess and maintain the appropriate valid Florida Commercial Driver's License for the type of equipment operated.

*Based on area of assignment:*
Required to possess (or obtain within six months of hire) the appropriate valid Florida Commercial Driver's License for the type of equipment operated.

#### Preferences

5/27/2011

Exhibit A

June 6, 2014

Julio Sevillano
7509 Rio Pinar Lakes Blvd
Orlando, FL 32822

Public Works
Human Resource Division
4200 S John Young Parkway
2nd Floor
Orlando, FL 32839

To the Human Resource Division of Public Works,

Hello my name is Julio Sevillano and this is a letter that I was asked to provide on J une 6, 2014 stating my back/hernia injury and doumention. As previously discussed on Monday June 2, 2014 in a meeting with HR reps and three supervisors, I stated the com plications that I would have with this position.

I inquired about the job description and it was completely different other than what I was told by the labor board. It was mentioned that I would not be able to perform at the level as needed by Public works; such as lifting 80lb concrete bags, cutting trees and st anding in deep ditches.

On January 17, 2014, I was injured on the job. I was sent to Centra Care to be checke d for back and abdominal pain. Afterwards I was sent to ORMC ER . When I arrived to the ER, I was immediately seen and assessed for back pain and what we now know was an umbilical hernia. There was documentation supporting this. I was advised to have em ergency surgery by the ER surgeon on call. Also addressed was back pain , which i was told the hernia needed to be a priority as risk for Necrotic bowel syndome.   An umbilic al Hernia repair and reconstruction were performed. Before discharge , I was sent to CT to have that scan done, which resulted in showing 3 herniated discs. Shortly thereafter, my workers compenation benefits were suspended.

Since that time on January 31, 2014, I have been trying restore my job and benefits to seek treatment for my back and for my post surgery follow up. So in closing, I have ne ver received care for my back under this same injury with the umbilical hernia. The dut ies with this position with public works has aggrevated my being able to perform as exp ected to the point that I asked to be sent to Centra Care.

Granted I am very appreciative to have a position, but given this untreated injury, its v ery hard to work and complete our assignments. I was released to full duty, only by the surgeon. I hope you all consider my situation and help me to attain a position that I can perform. Thanks in advance for your time and consideration.

Cordially,

6/6/14.

Exhibit B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 461-2015-00026 |
| | [X] EEOC | 15F-2015-00026 |

City Of Orlando Office Of Human Relations                          and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Julio C. Sevillano | (407) 273-9644 | 10-23-1957 |

Street Address                          City, State and ZIP Code

7509 Rio Pinar Lakes Blvd., Orlando, FL 32822

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| ORANGE COUNTY FLORIDA GOVERNMENT | 500 or More | (407) 836-1000 |

Street Address                          City, State and ZIP Code

Board Of County Commissioners, 201 S. Rosalind Avenue, Orlando, FL 32801

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                          City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | | Earliest: 02-15-2014   Latest: 11-21-2014 |
| [X] RETALIATION  [X] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION | | |
| [ ] OTHER *(Specify)* | | [X] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I.    PERSONAL HARM:**
Since February 2014 and prior, I have been subject to retaliation via a November 21, 2014 discharge, failure to hire/reinstate, assignment inequities, benefits and the denial of reasonable accommodations. I had been employed since April 15, 1991 in the most recent position of Equipment Operator I.

**II.    RESPONDENT'S REASON FOR PERSONAL HARM:**
Sylvia Johnson's (approximate age/47, non-disabled) alleged reason for the discharge was the inability to perform the essential functions of the position; and, that I did not meet the minimal qualifications for the other positions that I applied for. No reasons were given for the other retaliatory, intimidating discriminatory actions.

**III.    DISCRIMINATION STATEMENT:**
I believe that I have been discriminated against in violation of the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), as amended, Title VII of the Civil Rights Act of 1964, as amended and the 1992 Florida Civil Rights Act because of Retaliation 4(d),12203, 704(a) and 760.10(7), my Age/56 and Disability by Discharge, Assignment, Benefits (Retirement and Insurance), Hiring and Denial of Reasonable Accommodations for the following reasons:
1.    On November 21, 2014, I was discharged in retaliation for my filing, complaints of, and opposition to unlawful employment practices that I was subjected to. As a result of the aforementioned, this employer intentionally assigned me to less desirable, hazardous, and the most difficult jobs, in the absence of providing me reasonably requested accommodations.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Dec 11, 2014           *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*   12/11/14 |

Exhibit C

CARMEN I. FELICIANO
Notary Public - State of Florida
My Comm. Expires Jun 24, 2015
Commission # EE 70318
Bonded Through National Notary Assn.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 4C1-2015-00026 |
| | [X] EEOC | 15F-2015-00026 |

| City Of Orlando Office Of Human Relations | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Inasmuch as Evette Brown, Ashley Johnson (both approximate age/49), Johnny Lugo (approximate age/28), and other younger, non-disabled employees were afforded placement to other *comparable* positions, the benefit of retiring, insurance and/or other benefits, I was not afforded same.

2. Since February 2014 and continuing, I have been denied employment, transfer, and/or reinstatement to numerous facility, maintenance, technical, specialist, skilled and/or etcetera positions for which I have applied. Although my qualifications and experience meet and/or exceed requirements for the positions, I am further subject to retaliation amidst this employer's fabricated allegations of my "not meeting the minimum requirements for the positions" (including those I have previously held) and/or those not requiring reasonable requested accommodations.

3. It is my belief that if it were not for my filing an unlawful employment practice complaint, my age and disability, I would not be subject to the above mentioned, intimidating, retaliatory, discriminatory treatment in this employer's demonstrated pattern and practice of same.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Dec 11, 2014**

*Date*

*Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

CARMEN I. FELICIANO
Notary Public - State of Florida
My Comm. Expires Jun 24, 2015
Commission # EE 70318
Bonded Through National Notary Assn.



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7018 1830 0000 1246 4621

950 Pennsylvania Avenue, N.W.
Karen Ferguson , EMP, PHB, Room 4701
Washington, DC 20530

June 04, 2019

Mr. Julio C. Sevillano
7509 Rio Pinar Lakes Blvd.
Orlando, FL  32822

Re:  EEOC Charge Against Orange County Florida Government, Board of County Commissioners
     No. 15F201500026

Dear Mr. Sevillano:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:  Title I of the Americans with Disabilities Act of 1990,   42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Miami District Office, Miami, FL.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Eric S. Dreiband
Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

Exhibit D

cc: Miami District Office, EEOC
    Orange County Florida Government, Board of County Commissioners

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Julio C. Sevillano<br>7509 Rio Pinar Lakes Blvd.<br>Orlando, FL 32822 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15F-2015-00026 | Jeanette P. Wooten,<br>Investigator | (305) 808-1745 |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**MICHAEL J. FARRELL,**
**District Director**

JUN - 4 2019
*(Date Mailed)*

Enclosures(s)

cc: **Orange County Florida Government**
**c/o Susan Spradley, Esq.**
**Gray Robinson Attorneys at Law**
**301 East Pine St., Suite 1400**
**Orlando, FL 32801**

Exhibit E

## PROGRESS NOTE

NAME: JULIO SEVILLANO
DATE OF BIRTH: ███████████
DATE OF EVALUATION:

Mr. Julio Sevillano was seen for a work-related injury. He was
seen and examined. Old medical records were reviewed. Current
Work Comp medical records were reviewed. Mr. Sevillano had
work-related low back injuries in the early 1990s. Review of
orthopedic notes from Dr. Goll, revealed that he was treated
for a herniated L5-S1 disk and other lumbar disk degenerative
pain. He was placed on a permanent restriction of no lifting
more than 25 pounds. Mr. Sevillano said that he did well for
many years working as a bus driver in the Head Start program
and as a courier delivering lightweight items. On January 17,
2014, he slipped and fell with a heavy table falling on top of
him. The next day he was seen at Centra Care and referred to
the hospital for nonreducible umbilical hernia. He states that
he had both back pain and the hernia, but the hernia was the
pressing issue. Hernia surgery was performed. Prior to the
release from the hospital, CT scan of his lumbar spine was
done which showed degenerative disk disease. He was given a
note by his surgeon to return to work without restriction
March 1 for the hernia-related condition. The back pain and
back issue was not addressed. Ultimately, he was out until May
30. On June 2, he was started in a position of equipment
operator 1. On subsequent days, he was involved in hammering
frames for laying concrete and then raking concrete after it
was laid. His back pain got worse and continues to bother him.

It appears he was seen for this new back injury. It appears
that he has had a chronic back condition relating back to his
back injury in early 1990s. His injury in January 2014
produced an umbilical hernia and aggravated his back
condition. On returning to work, which is currently heavy
exertion, his back pain has gotten even worse and further
aggravated. He was referred to an orthopedist for further
evaluation.

D:06/11/2014          CORPORATE HEALTH        SEVILLANO, JULIO
16:57:00                                      ACCT:
T:06/11/2014            Page 1 of 2           Room:
17:13:36                                      MRI:
                                              TMP2014061100451

**FLORIDA HOSPITAL**

Altamonte    Apopka    Celebration    East Orlando    Kissimmee    Orlando    Winter Park

Exhibit F

Barry F. Portnoy, MD, MPH, FACP

9380081
:9890 lab

| | | |
|---|---|---|
| D:06/11/2014 | CORPORATE HEALTH | SEVILLANO, JULIO |
| 16:57:00 | | ACCT: |
| T:06/11/2014 | Page 2 of 2 | Room: |
| 17:13:36 | | MRI: |
| | | TMP2014061100451 |

**FLORIDA HOSPITAL**
Altamonte   Apopka   Celebration   East Orlando   Kissimmee   Orlando   Winter Park

**Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Form - PAGE 2**

Patient Name: _Julio Sevillano_     D/A: _5/11/12_     Visit/Review Date: _____

**SECTION IV          FUNCTIONAL LIMITATIONS AND RESTRICTIONS**

*Assignment of limitations or restrictions must be based upon the injured employee's specific clinical dysfunction or status related to the work injury.  However, the presence of objective relevant medical findings does not necessarily equate to an automatic limitation or restriction in function.*

☐ 21   No functional limitations identified or restrictions prescribed as of the following date:

☐ 22.  The injured workers' functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform activities, even at a sedentary level (e.g. hospitalization, cognitive impairment, infection, contagion), as of the following date: _____  *Use additional sheet if needed.*

☐ 23.  The injured worker may return to activities so long as he/she adheres to the functional limitations and restrictions identified below.  Identify ONLY those functional activities that have specific limitations and restrictions for this patient.  Identify joint and/or body part _____  *Use additional sheet if needed.*

| Functional Activity | Load | Frequency & Duration | ROM/ Position & Other Parameters |
|---|---|---|---|
| ☐ Bend | | | |
| ☐ Carry | | | |
| ☐ Climb | | NO | |
| ☐ Grasp | | | |
| ☐ Kneel | | | |
| ☐ Lift-floor > waist | | | |
| ☐ Lift-waist>overhead | | NO | |
| ☐ Pull | | | |
| ☐ Push | | | |
| ☐ Reach-overhead | | | |
| ☐ Sit | | | |
| ☐ Squat | | NO | |
| ☐ Stand | | | |
| ☐ Twist | | | |
| ☐ Walk | | | |
| ☐ | | | |
| ☐ Other | | | |

**COMMENTS:**

Other choices: Skin Contact/ Exposure; Sensory; Hand Dexterity; Cognitive; Crawl; Vision; Drive/Operate Heavy Equipment; Environmental Conditions: heat, cold, working at heights, vibration; Auditory; Specific Job Task(s); etc.

*NOTE:  Any functional limitations or restrictions assigned above apply to both on and off the job activities, and are in effect until the next scheduled appointment unless otherwise  noted or modified prior to the appointment date.*
*Specify those functional limitations and restrictions, in item 23, which are permanent if MMI / PIR have been assigned in Item 24.*

**SECTION V          MAXIMUM MEDICAL IMPROVEMENT / PERMANENT IMPAIRMENT RATING**

24.  Patient has achieved maximum medical improvement?

☐ a) YES,  Date: _1/6/16_      ☐ b) NO      ☐ c) Anticipated MMI date: _____

☐ d) Anticipated MMI date cannot be determined at this time.   Future Medical Care Anticipated:   e) ☐ Yes   f) ☐ No

Comments:

25.  _2_% Permanent Impairment Rating (body as a whole)     Body part/system: _____

26.  Guide used for calculation of Permanent Impairment Rating (based on date of accident - see instructions):

☐ a) 1996 FL Uniform PIR Schedule     ☐ b) Other, specify

27.  Is a residual clinical dysfunction or residual functional loss anticipated for the work-related injury?

☐ a) YES          ☐ b) NO          ☐ c) Undetermined at this time.

**SECTION VI          FOLLOW-UP**

28.  Next Scheduled Appointment Date & Time:

**SECTION VII          ATTESTATION STATEMENT**

*"As the Physician, I hereby attest that all responses herein have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical documentation regarding this patient, and have been shared with the patient."*     *"I certify to any MMI / PIR information provided in this form."*

Physician Group: _____                                    Date: _1/6/16_

Physician Signature: _____                          Physician DOH License #: _ME 4515_

Physician Name: _____                               Physician Specialty: _Int med_
                        (print name)

If any direct billable services for this visit were rendered by a provider other than a physician, please complete sections below:

*"I hereby attest that all responses herein relating to services I rendered have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical documentation regarding this patient, and have been shared with the patient."*

Provider Signature: _____                              Provider DOH License #: _____

Provider Name: _____                                    Date: _____
                        (print name)

Form DFS-F5-DWC-25 (revised 1/31/2008)                                                    Page 2 of 2

## Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Form - PAGE 2

| Patient Name: JULIO SEVILLANO | Soc.Sec.#: | D/A: | Visit/Review Date: 05/25/2006 |

### SECTION IV — FUNCTIONAL LIMITATIONS AND RESTRICTIONS

*Assignment of limitations or restrictions must be based upon the injured employee's specific clinical dysfunction or status related to the work injury. However, the presence of objective relevant medical findings does not necessarily equate to an automatic limitation or restriction in function.*

- [ ] **21** No functional limitations identified or restrictions prescribed as of the following date: _____ .
- [ ] **22.** The injured workers' functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform activities, even at a sedentary level (e.g. hospitalization, cognitive impairment, infection, contagion), as of the following date: _____ *Use additional sheet if needed.*
- [✓] **23.** The injured worker may return to activities so long as he/she adheres to the functional limitations and restrictions identified below. Identify ONLY those functional activities that have specific limitations and restrictions for this patient. Identify joint and/or body part _____. Use additional sheet if needed.

| Functional Activity | Load | Frequency & Duration | ROM/ Position & Other Parameters |
|---|---|---|---|
| [ ] Bend | | | |
| [ ] Carry | | | |
| [ ] Climb | | | |
| [ ] Grasp | | (PERMANENT) | |
| [ ] Kneel | | | |
| [ ] Lift-floor > waist | | Same light duty restrictions as previously assigned. | |
| [ ] Lift-waist>overhead | | | |
| [ ] Pull | | | |
| [ ] Push | | | |
| [ ] Reach-overhead | | | |
| [ ] Sit | | | |
| [ ] Squat | | | |
| [ ] Stand | | | |
| [ ] Twist | | | |
| [ ] Walk | | | |
| [ ] _ | | | |
| [ ] Other | | | |

**COMMENTS:** See Above

Other choices: Skin Contact/ Exposure; Sensory; Hand Dexterity; Cognitive; Crawl; Vision; Drive/Operate Heavy Equipment; Environmental Conditions: heat, cold, working at heights, vibration; Auditory; Specific Job Task(s); etc.

*NOTE: Any functional limitations or restrictions assigned above apply to both on and off the job activities, and are in effect until the next scheduled appointment unless otherwise noted or modified prior to the appointment date. Specify those functional limitations and restrictions, in Item 23, which are permanent if MMI / PIR have been assigned in Item 24.*

### SECTION V — MAXIMUM MEDICAL IMPROVEMENT / PERMANENT IMPAIRMENT RATING

**24.** Patient has achieved maximum medical improvement?
- [✓] a) YES, Date: as previously assigned -  [ ] b) NO    [ ] c) Anticipated MMI date: _____
- [ ] d) Anticipated MMI date cannot be determined at this time.   Future Medical Care Anticipated: e) [ ] Yes   f) [ ] No
- Comments: _____

**25.** _____ % Permanent Impairment Rating (body as a whole)   Body part/system: _____

**26.** Guide used for calculation of Permanent Impairment Rating (based on date of accident - see instructions):
- [ ] a) 1996 FL Uniform PIR Schedule   [ ] b) Other, specify _____

**27.** Is a residual clinical dysfunction or residual functional loss anticipated for the work-related injury?
- [ ] a) YES   [ ] b) NO   [ ] c) Undetermined at this time.

### SECTION VI — FOLLOW-UP

**28.** Next Scheduled Appointment Date & Time: _____

### SECTION VII — ATTESTATION STATEMENT

*"As the Physician, I hereby attest that all responses herein have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical documentation this patient, and have been shared with the patient."*   *" I certify to any MMI / PIR information provided in this form."*

| Physician Group: Orlando Orthopaedic Center | Date: 05/25/2006 |
| Physician Signature: | Physician DOH License #: MF 59566 |
| Physician Name: Stephen R. Goll, M.D. (print name) | Physician Specialty: Orthopaedics |

**If any direct billable services for this visit were rendered by a provider other than a physician, please complete sections below:**

*"I hereby attest that all responses herein relating to services I rendered have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical regarding documentation regarding this patient, and have been shared with the patient."*

| Provider Signature: | Provider DOH License #: PA 9102297 |
| Provider Name: Edman Fuentes, P.A. (print name) | Date: 05/25/2006 |

Form DFS-F5-DWC-25 (revised 5-26-05)                                    Page 2 of 2

**Florida Workers' Compensation Uniform Medical Treatment Status Reporting Form - PAGE2**

| Patient Name: Sevillano, Julio | D/A: | Visit/Review Date: 06/11/2014 |
|---|---|---|

## SECTION IV — FUNCTIONAL LIMITATIONS AND RESTRICTIONS

*Assignment of limitations or restrictions must be based upon the injured employee's specific clinical dysfunction or status related to the work injury. However, the presence of objective relevant medical findings does not necessarily equate to an automatic limitation or restriction in function.*

☐ 21. No functional limitations identified or restrictions prescribed as of the following date:

☐ 22. The injured workers' functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform activities, even at a sedentary level (e.g. hospitalization, cognitive impairment, infection, contagion), as of the following date: *Use additional sheet if needed.*

☒ 23. The injured worker may return to activities so long as he/she adheres to the functional limitations and restrictions identified below. Identify ONLY those functional activities that have specific limitations and restrictions for this patie
Identify joint and/or body part ___ low back

| Functional Activity | Load | Frequency and Duration | ROM/Position & Other Parameters |
|---|---|---|---|
| ☐ Bend | | | |
| ☒ Carry | Not > 15 lbs. | | |
| ☐ Climb | | | |
| ☐ Grasp | | | |
| ☐ Kneel | | | |
| ☒ Lift-floor > waist | Not > 15 lbs. | | |
| ☒ Lift-waist > overhead | Not > 15 lbs. | | |
| ☒ Pull | Not > 15 lbs. | | |
| ☒ Push | Not > 15 lbs. | | |
| ☐ Reach - overhead | | | |
| ☐ Sit | | | |
| ☐ Squat | | | |
| ☐ Stand | | | |
| ☐ Twist | | | |
| ☐ Walk | | | |
| ☐ Other | | | |

COMMENTS:

Other choices; Skin Contact/Exposure; Sensory; Hand Dexterity; cognitive; crawl; Vision; Drive/Operate Heavy Equipment; Environmental Conditions: heat, cold, working at heights, vibration; Auditory; Specific Job Task(s); etc.

NOTE: Any functional limitations or restrictions assigned above apply to both on and off the job activities, and are in effect until tl next scheduled appointment unless otherwise noted or modified prior to the appointment date.
Specify those functional limitations and restrictions in Item 23, which are permanent if MMI/PIR have been assigned in Item 24

## SECTION V — MAXIMUM MEDICAL IMPROVEMENT / PERMANENT IMPAIRMENT RATING

24. Patient has achieved maximum medical improvement?
☐ a) YES, Date: ___     ☒ b) NO     c) Anticipated MMI date: ___     ☒ e) YES ☐ f) NO
☒ d) Anticipated MMI date cannot be determined at this time. Future Medical Care Anticipated:
Comments: ___

25. ___ % Permanent Impairment Rating (body as a whole)     Body part/system: ___

26. Guide used for calculation of Permanent Impairment Rating (based on date of accident - see instructions):
☐ a) 1996 FL Uniform PIR Schedule     ☐ b) Other, specify: ___
Is a residual clinical dysfunction or residual functional loss anticipated for the work-related injury?

27. ☐ a) YES     ☐ b) NO     ☐ c) Undetermined at this time

## SECTION VI — FOLLOW-UP

28. Next Scheduled Appointment Date & Time:

## SECTION VII — ATTESTATION STATEMENT

*"As the Physician, I hereby attest that all responses herein have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical documentation regarding this patient, and have been shared with the patient."     "I certify to any MMI/PIR information provided in this form."*

| Physician Group: Centra Care Group | Date: 06/11/2014 |
|---|---|
| Physician Signature: *Barry Portnoy, MD* | Physician DOH License #: ME15367 |
| Physician Name: Barry Portnoy | Physician Specialty: General Practice |

If any direct billable services for this visit were rendered by a provider other than a physician, please complete sections below:
*"I hereby attest that all responses herein relating to services I rendered have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical documentation regarding this patient, and have been shared with the patient."*

| Provider Signature: | Provider DOH License #: |
|---|---|
| Provider Name: | Date: 06/11/2014 |
| | Visit Number: 3123348 |

**Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Form - PAGE 2**

| Patient Name: **Sevillano, Julio** | D/A: **06/04/2014-BACK** | Visit/Review Date: **6/25/2014** |

**SECTION IV** — **FUNCTIONAL LIMITATIONS AND RESTRICTIONS**

*Assignment of limitations or restrictions must be based upon the injured employee's specific clinical dysfunction or status related to the work injury. However, the presence of objective relevant medical findings does not necessarily equate to an automatic limitation or restriction in function.*

☐ 21. No functional limitations identified or restrictions prescribed as of the following date:

☐ 22. The injured workers' functional limitations and restrictions, identified in detail below, are of such severity that he/she cannot perform activities, even at a sedentary level (e.g. hospitalization, cognitive impairment, infection, contagion), as of the following date: _____ .   *Use additional sheet if needed.*

■ 23. The injured worker may return to activities so long as he/she adheres to the functional limitations and restrictions identified below.  Identify ONLY those functional activities that have specific limitations and restrictions for this patient.
Identify joint and/or body part: _____                          Use additional sheet if needed.

| Functional Activity | Load | Frequency & Duration | ROM/Position & Other Parameters |
|---|---|---|---|
| ■ Bend | | no repetitive | |
| ■ Carry | <10lbs | | |
| ☐ Climb | | | |
| ☐ Grasp | | | |
| ☐ Kneel | | | |
| ■ Lift - floor > waist | <10lbs | | |
| ■ Lift - waist > overhead | <10lbs | | |
| ■ Pull | <10lbs | | |
| ■ Push | <10lbs | | |
| ☐ Reach - overhead | | | |
| ☐ Sit | | | |
| ☐ Squat | | | |
| ☐ Stand | | | |
| ■ Twist | | no repetitive | |
| ☐ Walk | | | |
| ☐ Other: | | | |
| ☐ Other: | | | |

COMMENTS:

**Other choices: Skin Contact/ Exposure; Sensory; Hand Dexterity; Cognitive; Crawl; Vision; Drive/Operate Heavy Equipment; Environmental Conditions: heat, cold, working at heights, vibration; Auditory; Specific Job Task(s); etc.**

*NOTE: Any functional limitations or restrictions assigned above apply to both on and off the job activities, and are in effect until the next scheduled appointment unless otherwise noted or modified prior to the appointment date.*
*Specify those functional limitations and restrictions, in Item 23, which are permanent if MMI / PIR have been assigned in Item 24.*

**SECTION V** — **MAXIMUM MEDICAL IMPROVEMENT / PERMANENT IMPAIRMENT RATING**

24. Patient has achieved maximum medical improvement?
☐ a) YES, Date: _____          ☐ b) NO          ☐ c) Anticipated MMI date: _____
☐ d) Anticipated MMI date cannot be determined at this time.        Future Medical Care Anticipated:  ☐ e) Yes  ☐ f) No
Comments:

25. _____ % Permanent Impairment Rating (body as a whole) _____   Body part/system:

26. Guide used for calculation of Permanent Impairment Rating (based on date of accident - see instructions):
☐ a) 1996 FL Uniform PIR Schedule    ☐ b) Other, specify:

27. Is a residual clinical dysfunction or residual functional loss anticipated for the work-related injury?
☐ a) YES          ☐ b) NO          ☐ c) Undetermined at this time.

**SECTION VI** — **FOLLOW-UP**

28. Next Scheduled Appointment Date & Time: **2 weeks**   @

**SECTION VII** — **ATTESTATION STATEMENT**

*" As the Physician, I hereby attest that all responses herein have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical documentation regarding this patient, and have been shared with the patient."*        *"I certify to any MMI / PIR information provided in this form."*

Physician Group:  **Jewett Orthopaedic Clinic**

Physician Specialty:  **Orthopaedic Surgery**

Physician Signature: *Philip Meinhardt MD*          Date: **6/25/2014**

Physician Name:  **Philip A. Meinhardt, MD**        Physician DOH License #:   **ME103325**

If any direct billable services for this visit were rendered by a provider other than a physician, please complete sections below:

*" I hereby attest that all responses herein relating to services I rendered have been made, in accordance with the instructions as part of this form, to a reasonable degree of medical certainty based on objective relevant medical findings, are consistent with my medical documentation regarding this patient, and have been shared with the patient."*

Provider Signature: _____          Date: _____

Provider Name: _____          Provider DOH License #: _____