IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIO SEVILLANO,

Plaintiff,

vs.                                                          CASE NO.: 6:19-cv-01461-WWB-DCI

ORANGE COUNTY, FLORIDA,

Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendant, Orange County, Florida ("Defendant"), by and through its undersigned counsel, and pursuant to Rule 3.01(b), Local Rules for the Middle District of Florida, files this Response to Plaintiff's Motion to Amend Complaint [D.E. 31], and states the following in support thereof:

**I.   Overview**

1. On August 7, 2019, Plaintiff filed his original Complaint and Demand for Jury Trial in this lawsuit alleging a single count of disability discrimination pursuant to the Americans with Disabilities Act ("ADA"). [D.E. 1]. This Complaint was not served on Defendant.

2. On September 18, 2019, Plaintiff filed an Amended Complaint and Demand for Jury Trial to correct the name of Defendant. [D.E. 2].

3. On October 14, 2019, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Demand for Jury Trial. [D.E. 16].

4. On November 21, 2019, Defendant's counsel and Plaintiff's former counsel conducted the mandatory Meeting of Parties, and on November 22, 2019, the Parties filed the Case Management Report. [D.E. 23]. The Case Management Report contained a deadline of January 10, 2020, for the Parties to amend their pleadings.

1

5. On December 4, 2019, Plaintiff's former counsel filed a Motion to Withdraw. [D.E. 24].

6. On December 4, 2019, the Magistrate entered an Order granting Plaintiff's former counsel's Motion to Withdraw. [D.E. 25].

7. On December 9, 2019, the Court entered the Case Management and Scheduling Order, which contained a deadline of January 10, 2020 for the Parties to amend their pleadings.

8. Plaintiff's current counsel filed a Notice of Appearance on December 11, 2019. [D.E. 28]. Another attorney from Plaintiff's current counsel's firm filed a Notice of Appearance as co-counsel for Plaintiff on January 9, 2020. [D.E. 30].

9. On January 10, 2020, Plaintiff's counsel forwarded a proposed Seconded Amended Complaint to Defendant's counsel to inquire as to whether Defendant's counsel agreed to the amendment.

10. The proposed Second Amended Complaint contains a total of four (4) counts. The first count contains a claim for disability discrimination pursuant to the ADA, the same legal claim as the single count in Plaintiff's original Complaint. Count II of the proposed Second Amended Complaint seeks to add a state claim for handicap discrimination pursuant to the Florida Civil Rights Act ("FCRA"). Count III of the proposed Second Amended Complaint seeks to add a state claim for age discrimination pursuant to the FCRA. Count IV of the proposed Second Amended Complaint seeks to add a federal claim for retaliation pursuant to the Family Medical Leave Act ("FMLA").

11. Counts II, III, and IV of Plaintiff's proposed Second Amended Complaint are based on Plaintiff's termination from employment with Defendant on or about November 21, 2014 (or alleged conduct that occurred prior to that date). [Doc. 31-1].

12. On January 10, 2020, counsel for Defendant notified Plaintiff's counsel that Defendant objected to the Motion to Amend on the grounds it is futile as the new claims are time barred.

13. Defendant objects to the Plaintiff's proposed Second Amended Complaint as each of the proposed new claims contained in Counts II through IV are time barred as statute of limitations for such claims has long since expired. Further, the statute of limitations for the claims in Counts II through IV expired prior to the filing of Plaintiff's original claim, so there is no argument for relation back.

## II. <u>Memorandum of Law</u>

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that he court should freely give leave to amend when justice so requires. However, leave to amend may properly be denied when such amendment would be futile. *Bruce v. U.S. Bank National Association*, 770 Fed. Appx. 960, 966 (11th Cir. 2019) (citing *Hall v. United Ins. Co. of Am.*, 367 F. 3d 1255, 1263 (11th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). An amendment to a complaint that is time barred on its face is futile. *See Bruce*, 770 Fed. Appx. 966-67 (finding that a dismissal with prejudice of an original complaint, without providing leave to amend, was appropriate because amendment would be futile as the claims were time barred by the applicable statute of limitations); *see also Salley v. Goldston*, 727 Fed. Appx. 981, 985 (11th Cir. 2018) ("To the extent any amendment would have been based on the same allegations and claims, leave to amend would have been futile because those claims would still be barred by the statute of limitations.").

    a. <u>Counts II and III of the Proposed Second Amended Complaint are Time Barred</u>

Counts II and III of the proposed Second Amended Complaint allege discrimination

pursuant to the FCRA. The FCRA contains a set of its own administrative pre-requisites that need to be satisfied prior to filing a lawsuit pursuant to the FCRA.[1] *See* Section 760.11, *Florida Statutes*. The FCRA's administrative pre-requisites are separate and distinct from those in the ADA which requires first filing and obtaining a right to sue from the Equal Employment Opportunity Commission ("EEOC"). *See Sheridan v. State, Dept. of Health*, 182 So. 3d 787 (Fla. 1st DCA 2016) (providing a summary of the statutory scheme to satisfy the pre-suit requirements for a lawsuit pursuant to the FCRA, and how the administrative pre-requisites for a suit under the FCRA are different than the pre-suit requirements for a federal claim, such as a Title VII claim, which requires a right to sue from the EEOC – the ADA contains similar pre-suit requirements to Title VII which are separate from those in the FCRA). Further, the time by which a lawsuit being brought pursuant to the FCRA must be filed depends on the manner by which the administrative pre-requisites are satisfied. *Id.* The longest the statute of limitations can be to file a lawsuit pursuant to the FCRA is four (4) years from when the cause of action accrues. *See* Section 95.11(3)(f), *Florida Statutes*; Section 760.11, *Florida Statutes*; *Maggio v. Department of Labor and Employment Sec.*, 910 So. 2d 876, 878 (Fla. 2d DCA 2005); *Joshua v. City of Gainesville*, 768 So. 2d 432, 437-38 (Fla. 2000). For purposes of this four (4) year statute of limitations, the time begins to run when the last element constituting the cause of action occurs. *Maggio*, 910 So. 2d at 878 (citing Section 95.031, *Florida Statutes*). Plaintiff's proposed Complaint alleges that Defendant terminated Plaintiff's employment on or about November 21, 2014, so the last element of the cause of action for purposes of the claims in Counts II and III of the proposed Second Amended Complaint must have occurred by November 21, 2014 (or before). *See Paragraph 30 of Plaintiff's proposed Second Amended Complaint* [D.E. 31-1]. Four

---

[1] Plaintiff's proposed Amended Complaint does not allege Plaintiff filed a charge with the Florida Commission on Human Relations ("FCHR") for the claims he is attempting to add to his lawsuit nor does it allege that the FCHR was provided the required 180 days to investigate the claims before Plaintiff's lawsuit was filed.

(4) years from November 21, 2014, is November 21, 2018.  Plaintiff's Motion to Amend was filed on January 10, 2020, well more than four (4) years after November 21, 2014.  Further, Plaintiff's original Complaint was filed on August 7, 2019, also well more than four (4) years after November 21, 2014.  Therefore, the proposed claims in Counts II and III of Plaintiff's proposed Second Amended Complaint are untimely on their face and it would be futile to permit Plaintiff to amend his lawsuit to include the claims in Counts II and III of the proposed Second Amended Complaint.

      b.  <u>Counts IV of the Proposed Second Amended Complaint is Time Barred</u>

Count IV of Plaintiff's proposed Second Amended Complaint is being brought pursuant the FMLA.  The statute of limitations for a claim pursuant to the FMLA is contained in 29 U.S.C. § 2617(a)(c).  A lawsuit for a claim pursuant to the FMLA must be brought within two (2) years after the date of the last event constituting the alleged violation, and within three (3) years for a willful violation. 29 U.S.C. § 2617(a)(c)(1) and (2).

Plaintiff's proposed Second Amended Complaint alleges that Defendant terminated Plaintiff's employment on or about November 21, 2014, so the last element of the cause of action for purposes of the claims in Count IV of the proposed Second Amended Complaint must have occurred by November 21, 2014 (or before).  *See Paragraph 30 of Plaintiff's proposed Second Amended Complaint* [D.E. 31-1].

Two (2) years from November 21, 2014, is November 21, 2016, and three years is November 21, 2017.  Plaintiff's Motion to Amend was filed on January 10, 2020, well more than three (3) years after November 21, 2014.  Further, Plaintiff's original Complaint was filed on August 7, 2019, also well more than three (3) years after November 21, 2014.  Therefore, the proposed claim in Count IV of Plaintiff's proposed Second Amended Complaint is untimely on

its face and it would be futile to permit Plaintiff to amend his lawsuit to include the claim in Count IV of the proposed Second Amended Complaint.

### III.  Conclusion

The claims contained in Counts II through IV of Plaintiff's proposed Second Amended Complaint are all time barred on their face. Therefore, Plaintiff's proposed Second Amended Complaint is futile, and Plaintiff's Motion to Amend Complaint should be denied.

WHEREFORE, Defendant Orange County, Florida, respectfully requests this Honorable Court to enter an Order denying Plaintiff's Motion to Amend, and awarding all other relief the Court deems just and proper.

**DATED** this 14th day of January, 2020.

Respectfully Submitted,

*/s/ CRAIG F NOVICK*
Susan T. Spradley, Esq.
Florida Bar No.: 0818712
Craig F. Novick, Esq.
Florida Bar No.:  0026656
GRAY ROBINSON, P.A.
Suite 1400, 301 East Pine Street
Post Office Box 3068
Orlando, Florida  32802-3068
Telephone:  407-843-8880
Facsimile:   407-244-5690
**Primary E-mail Addresses:**
Susan.Spradley@gray-robinson.com
Craig.Novick@gray-robinson.com
**Secondary E-mail Address:**
Chantal.Mccoy@gray-robinson.com
*Attorneys for Defendant,*
*Orange County Florida*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 14, 2020, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the attorney for Plaintiff: Alberto E. Lugo-Janer, Esquire and Melissa C. Mihok, Esquire; CPLS, P.A. 201 East Pine Street, Suite 445, Orlando, FL 32801; email: alugo-janer@cplspa.com; mmihok@cplspa.com.

*/s/ CRAIG F NOVICK*_____
Craig F. Novick