# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JULIO SEVILLANO,

        Plaintiff,

v.

                                      Case No:  6:19-cv-1461-Orl-78DCI

ORANGE COUNTY, FLORIDA,

        Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE is before the Court on Plaintiff's Objection to Magistrate Judge's Order (Doc. 41). Therein, Plaintiff objects to United States Magistrate Judge Daniel C. Irick's January 30, 2020 Endorsed Order (Doc. 38) denying Plaintiff's request for rehearing on his Motion to Amend Complaint (Doc. 31).

Parties may object to orders issued by magistrate judges on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings . . . made by the magistrate judge. The judge may

also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

Plaintiff's Objection fails to state any basis upon which Judge Irick's denial of the Motion for Rehearing (Doc. 37) was clearly erroneous or contrary to law. Moreover, to the extent that Plaintiff's Objection is directed to the January 21, 2020 Order (Doc. 35) denying the Motion to Amend, the Objection is neither timely nor persuasive. The Objection was filed on February 12, 2020, which is more than fourteen days after the January 21, 2020 Order was served on Plaintiff. *See* Fed. R. Civ. P. 72(a); *see also Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (per curiam) (citing *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam)) ("A party who fails to timely challenge a magistrate's nondispositive order before the district court waives his right to appeal the order."). Furthermore, the Objection also fails to argue that the January 21, 2020 Order was clearly erroneous or contrary to law.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Objection to Magistrate Judge's Order (Doc. 41) is **OVERRULED** and the January 30, 2020 Order (Doc. 38) is **AFFIRMED**.

**DONE AND ORDERED** in Orlando, Florida on April 2, 2020.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record