# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JULIO SEVILLANO,**

Plaintiff,

vs.                                                             **CASE NO.: 6:19-cv-01461-WWB-DCI**

**ORANGE COUNTY, FLORIDA,**

Defendant.

_____/

## ORANGE COUNTY'S MOTION IN LIMINE

Defendant, ORANGE COUNTY, FLORIDA ("County" or "Defendant"), pursuant to Federal Rules of Evidence 401, 402, 403, and 407, respectfully requests that this Honorable Court render an Order prohibiting Plaintiff, Julio Sevillano ("Plaintiff") from introducing or referencing at trial any testimonial or documentary evidence relating to (1) Plaintiff's complaint to the Department of Labor ("DOL") regarding his use of leave under the Family Medical Leave Act ("FMLA"), and (2) Plaintiff's allegation that he was "regarded as" disabled. In support of this Motion, Defendant states that these subjects are irrelevant, misleading, unfairly prejudicial and otherwise inadmissible for the reasons more fully set forth below.

### I.    CERTIFICATE OF GOOD FAITH CONFERRAL

On Monday, April 26, 2021, pursuant to Local Rule 3.01(g), counsel for Defendant and Plaintiff conferred in good faith by phone on the relief requested in this Motion, and were unable to reach agreement thereon.

### II.    INTRODUCTION

The issue in this case is whether the County violated Plaintiff's rights under the Americans with Disabilities Act ("ADA"). [Dkt 12 at p.7]. Based on his Amended Complaint

and his Response Memorandum in Opposition to Defendant's Motion for Summary Judgment, the County anticipates Plaintiff will seek to introduce evidence at trial related to his separate and resolved 2014 FMLA complaint to the DOL ("FMLA Complaint") and an allegation that he was "regarded as" disabled by the County. [Dkt. 12 at ¶¶ 2,32; Dkt. 73 at pp. 2, 9]. Through this motion, the County seeks a pretrial ruling excluding or limiting such evidence, and any related argument or comments, as irrelevant to the claims or defenses in the case, as unfairly prejudicial and likely to confuse and mislead the jury, waste judicial resources and time, and on the basis that subsequent remedial measures are inadmissible to prove culpable conduct.

### III. LEGAL STANDARD

Under Federal Rule of Evidence 401, "relevant evidence" is defined as evidence that: "a) has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action." The Federal Rules of Evidence provide that "irrelevant evidence is not admissible." Fed. R. Evid. 402. In addition to excluding evidence on the basis of relevance, the court also may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403. Under Federal Rule of Evidence 407, any measures defendant has taken to make an earlier injury less likely to occur is inadmissible to prove negligence or culpable conduct.

### IV. ARGUMENT

**A. Testimony or Documentary Evidence Regarding Plaintiff's Complaint to the DOL Regarding His Use of Leave under the FMLA Should Be Excluded Pursuant to Federal Rules of Evidence 401, 402, 403, and 407**

The County seeks a pretrial ruling excluding or limiting documentary and testimonial evidence related to Plaintiff's FMLA Complaint, any findings by the DOL, and the County's resolution of the matter (collectively the "DOL Resolution"). Documentary or testimonial evidence regarding the DOL Resolution or Plaintiff's characterization and opinion of the DOL Resolution, has no bearing on any fact in consequence, and even if it did, the danger of unfair prejudice outweighs any potential probative value. Further, such evidence related to the DOL Resolution should also be excluded as an inadmissible subsequent remedial measure.

On January 17, 2014, Plaintiff suffered a work injury that caused an umbilical hernia. [Dkt. 64 at ¶16]. The County approved Plaintiff's request to take family medical leave under the FMLA. [Dkt. 64 at ¶16]. His treating physician released him to 4 weeks of light duty beginning on February 3, 3024, and then full duty on March 1, 2014. [Dkt. 64 at ¶¶17-18 and Ex. F]. Plaintiff was to report to work on February 11, 2014 on light duty, consistent with his doctor's orders. [Dkt. 64 at ¶21]. When he failed to report to work on February 11, 2014, the County terminated him. [Dkt. 64 at ¶24]. Thereafter, Plaintiff filed an FMLA Complaint and alleged he was terminated in violation of the FMLA. [Dkt. 65 at ¶6]. After an investigation, the DOL determined Plaintiff was protected under the FMLA and should not have been terminated. [Dkt. 65 at ¶7]. To resolve the matter, the County paid Plaintiff back wages and agreed to reinstate him as an Equipment Operator I ("EOI"). [Dkt. 65 at ¶8].

Plaintiff's FMLA Complaint and the DOL Resolution are not relevant to proving, or disproving, Plaintiff's sole claim for disability discrimination. The County does not dispute, and is not seeking to exclude evidence, that Plaintiff sustained an umbilical hernia and

3

was placed on medical leave. [Dkt. 60 at p.2]. What the County is seeking to exclude is evidence about the FMLA Complaint and the DOL Resolution.

Based on the way he testified at deposition, the County anticipates Plaintiff will attempt to mischaracterize to the jury, information about his FMLA Complaint and the DOL Resolution, which was an administrative agency process and not a judicial proceeding. This would include Plaintiff characterizing the County as having been found "guilty" and being "fined" by the DOL; neither of which are correct. Plaintiff testified in his deposition as follows:

> Q. So you were -- you actually ended up being terminated by Orange County on February 14, 2014, correct, for not reporting to your job; is that correct?
> A. Yes. Yeah.
> Q. And isn't that when you went to the Department of Labor and made a complaint; is that correct?
> A. And, yes.· It was an investigation, and they were fined, guilty of violating the same thing that I'm trying to talk to you, violating my family medical leave, harassing me when I was in bed looking at the ceiling, and with my injuries, taking medicine to come to work. And that was illegal. And that's why they were -- they were found guilty of harassment and violating the family medical leave. [Dkt. 61 at 39: 6-19].

The primary question in this case is whether the County discriminated against Plaintiff, by terminating him, based on a purported disability—it is not about his use, or prior use, of family medical leave, which pertains to "serious health conditions" and not disabilities. Plaintiff brought his disability discrimination claim pursuant to the ADA. [Dkt. 12 at p.7]. Unlike the ADA, the FMLA is a leave statute that does not address employee civil rights. The ADA and the FMLA are also enforced by different agencies; the FMLA is enforced by the DOL while the ADA is enforced by the Equal Employment Opportunity Commission ("EEOC"). The DOL is a completely separate agency from the EEOC. The ADA and FMLA are separate and distinct statutes that serve two separate policy goals:

4

the ADA protects employees with disabilities in the workplace, while the FMLA provides time off of work for qualifying employees with serious health conditions (and employees caring for certain family members with serious health conditions). 42 U.S.C. § 12101; 29 C.F.R. § 825.101. Whether or not an agency may have found an employer violated one statute (FMLA) has no bearing or relationship as to whether the employer violated the other statute (ADA).

Any testimonial or documentary evidence regarding Plaintiff's prior FMLA Complaint, the DOL Resolution, and Plaintiff's mistaken opinion about what the DOL may have determined, should be excluded because such evidence has no tendency to make any fact of consequence more or less probable. Plaintiff's sole claim is for disability discrimination under the ADA. [Dkt 12]. To establish a prima facie case of disability discrimination under the ADA, plaintiff must establish: 1) he had a known disability; 2) he was a qualified individual; and 3) he was subjected to unlawful discrimination because of his disability. *Monroe v. Florida Department of Corrections*, 2019 WL 6048538 * 2 (11th Cir. 2019). The first element is based entirely on *Plaintiff's* physical and/or mental condition. The second element is focused on *Plaintiff's* ability, and inability, to perform the essential functions of his job duties and not anything the County did or did not do. The FMLA Complaint and the DOL Resolution have no bearing on whether Plaintiff was subjected to unlawful disability discrimination.

Even assuming *arguendo* that the FMLA Complaint or DOL Resolution bears some minimal relevance to Plaintiff's disability claim, which the County vehemently disputes, such evidence should still be excluded under Federal Rule of Evidence 403 because the probative value is substantially outweighed by the danger of unfair prejudice and its

5

potential to mislead the jury and confuse the actual issues in the case. "'Unfair prejudice' within its context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee Notes to Fed. R. Evi. 403. Other courts have recognized that evidence of an employer's alleged "wrongs" from an unrelated proceeding should be excluded based on unfair prejudice. *See e.g. Finney v. Bibb County Pub. Sch.*, 2005 WL 8165543, at *6 (M.D. Ga. 2005) (holding evidence about Plaintiff's pending wage and hour lawsuit against employer was unrelated to his discrimination lawsuit and excluding such evidence on the basis of Federal Rules of Evidence 401, 402, and 403)*; Buonanoma v. Sierra Pac. Power Co.*, 2010 WL 3724254, at *5 (D. Nev. 2010) (excluding evidence of other complaints and lawsuits against defendant, in part, because it could "confuse the jury into thinking it could hold [employer] liable in this action for alleged wrongs in other actions"). Admission of evidence about Plaintiff's FMLA Complaint and the DOL Resolution would confuse the issues before the jury and could result in a decision based on an improper basis, namely a decision based on a belief that the County may have violated the FMLA. Introduction of evidence that shows Plaintiff was protected by the FMLA when he was terminated on February 14, 2014 for not reporting to work, could lead the jury to make the improper decision that Plaintiff was also protected by the ADA when he was terminated on November 21, 2014.

Furthermore, introduction of this evidence at trial will create a mini-trial on a collateral matter unrelated to Plaintiff's disability claim. Introduction of evidence regarding the FMLA Complaint and the DOL Resolution would require the County to introduce counter-evidence and additional witnesses to refute Plaintiff's testimony and evidence

6

about the FMLA Complaint and the DOL Resolution, which would unnecessarily lengthen the trial and waste judicial resources. Such evidence would essentially create a mini-trial about whether the County improperly terminated Plaintiff for not reporting to work when he was on family medical leave, which is unrelated to whether the County discriminated against him on the basis of a disability.

Finally, any evidence regarding the FMLA Complaint or DOL Resolution should be excluded based on Federal Rule of Evidence 407. Under Rule 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . culpable conduct." After Plaintiff submitted his FMLA Complaint, the County resolved the matter with the DOL and agreed to reinstate Plaintiff and pay him back wages. [Dkt. 65 at ¶8]. To the extent Plaintiff seeks to use this evidence to prove the County did in fact violate his rights under the FMLA, such evidence (in addition to being irrelevant and unfairly prejudicial) should be excluded because the County's actions were taken to remediate the harm caused by his termination and therefore is inadmissible under Federal Rule of Evidence 407.

**B.**     **Testimony or Documentary Evidence That The County Regarded Plaintiff As Disabled Should Be Excluded Because Plaintiff Has Not Adequately Pled a Claim for Being Regarded As Disabled**

Plaintiff should be barred from presenting testimony, evidence, or argument pertaining to the County regarding Plaintiff as disabled because Plaintiff did not appropriately plead a claim for being "regarded as" disabled, therefore, such evidence is irrelevant. In his sworn Charge of Discrimination, Plaintiff did not allege he believed the County "regarded" him as disabled. [Dkt. 12-3]. There is only one stray mention of being regarded as disabled in Plaintiff's Amended Complaint. [Dkt. 12 at ¶ 32] (Plaintiff was

"regarded by Defendant as having impairments"). In his Amended Complaint, Plaintiff does not otherwise identify any facts or circumstances that would give rise to a "regarded as" discrimination claim. [Dkt. 12]. In his Response in Opposition to the County's Motion for Summary Judgment, there is only one stray reference to being "regarded as" disabled and tellingly, there is no citation to record evidence to support the statement. [Dkt. 73 at p. 9].

A "regarded as" disability claim is based on an independent theory of disability discrimination with its own elements. "For a plaintiff to prevail under the 'regarded as' theory of disability, he must establish two points: (1) that the perceived disability involves a major life activity, and (2) that the perceived disability is 'substantially limiting' and significant." *Luna v. Walgreen Co.*, 347 Fed. Appx. 469, 471 (11th Cir. 2009). Plaintiff has not asserted the elements of a regarded as claim nor has he alleged any facts which might give rise to a claim for being regarded as disabled.

Additionally, Plaintiff should be precluded from presenting evidence or argument about how he was "regarded as" disabled because Plaintiff has failed to exhaust his administrative remedies with respect to a "regarded as" disability claim. "A judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Penaloza v. Target Corp.*, 549 Fed. Appx. 844, 848 (11th Cir. 2013) (citations omitted). Courts have held that a Plaintiff fails to exhaust his administrative remedies if he fails to allege a claim for being "regarded as" disabled and fails to allege any facts or circumstances that would give rise to a "regarded as" disability claim. *Hong Yin v. N. Shore LIJ Health Sys.*, 20 F. Supp. 3d 359, 368 (E.D.N.Y. 2014); *Seibert v. Lutron Elecs.*, 2009 WL 4281474, at *8 (E.D. Pa. 2009), *aff'd*,

8

408 Fed. Appx. 605 (3d Cir. 2010) (holding Plaintiff failed to exhaust her administrative remedies as to her "regarded as" disability claim based on a review of her EEOC Charge of Discrimination); *Burke v. Nalco Chem. Co.*, 96 C 981, 1996 WL 411456, at *6 (N.D. Ill. 1996) ("[a]bsent from the plaintiff's EEOC charge are the complaint's assertions that [employer] discriminated against [employee] based upon some 'misperceived' condition").

In *Hong Yin*, the court precluded Plaintiff from amending her complaint to include a claim that her employer regarded her as disabled because she failed to exhaust her administrative remedies with respect to that type of discrimination claim. 20 F. Supp. 3d at 368. The court reasoned that in her charge of discrimination she did not allege she believed her employer regarded her as disabled and she did not raise any facts that suggested she was being perceived as disabled. *Id.* The court noted facts suggesting she believed she was being regarded as disabled "would have been particularly relevant because a regarded as claim turns on the employer's perception of the employee, not whether the employee actually has a disability." *Id.* (citations omitted). Like the employee in *Hong Yin*, Plaintiff did not use the terms "regarded as disabled" or "perceived as disabled" in his EEOC Charge. [Dkt. 12-3]. Plaintiff should be precluded from raising any evidence or argument that the County regarded or incorrectly perceived him as disabled.

## V.     CONCLUSION

Based on the foregoing, the County respectfully requests that this Court enter an appropriate Order in Limine barring Plaintiff from introducing or referencing at trial any testimonial or documentary evidence or any argument on the matters identified herein.

Respectfully submitted this 29th day of April, 2021.

9

Respectfully Submitted,

*/s/ SUSAN T. SPRADLEY*
Susan T. Spradley, Esq.
Florida Bar No.: 0818712
Natalie M. Yello, Esq.
Florida Bar No.:  1002900
Craig F. Novick, Esq.
Florida Bar No.: 0026656
GRAY ROBINSON, P.A.
Suite 1400, 301 East Pine Street
Post Office Box 3068
Orlando, Florida  32802-3068
Telephone:  407-843-8880
Facsimile:   407-244-5690
Susan.Spradley@gray-robinson.com
Natalie.Yello@gray-robinson.com
Craig.Novick@gray-robinson.com
*Attorneys for Defendant,*
*Orange County Florida*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 29, 2021 a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system to Plaintiff's counsel: Alberto E. Lugo-Janer, Esquire and Melissa C. Mihok, Esquire; CPLS, P.A. 201 East Pine Street, Suite 445, Orlando, FL   32801; email: alugo-janer@cplspa.com; mmihok@cplspa.com.

*/s/ SUSAN T. SPRADLEY*
Susan T. Spradley