# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JULIO SEVILLANO,<br>  Plaintiff,<br><br>v.<br><br>ORANGE COUNTY, FLORIDA,<br>  Defendant. | ) Case No.: 6:19-cv-1461-Orl-78DCI<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

The Plaintiff, JULIO SEVILLANO, hereby submits the following Memorandum of Law in Opposition to Defendant's Motion in Line (D.E. 75). In support, the Court is shown as follows:

I. <u>Relevant Facts</u>

1. The Plaintiff filed his Complaint in the above-captioned matter on August 7, 2019. (D.E. 1) The Complaint alleges that the Plaintiff took medical leave pursuant to the Family Medical Leave Act (FMLA) as a result of a workplace injury on or about January 17, 2014. (Complaint ¶1, 18)

2. The Complaint further alleges that the Defendant wrongfully terminated the Plaintiff and that the Department of Labor (DOL) decided in the Plaintiff's favor after a complaint was made. (Complaint ¶2, 21-22)

3. The Complaint alleges that the Plaintiff "is an individual with a disability within the meaning of the ADA" (Americans With Disabilities Act), and that "Plaintiff has physical impairments that substantially limit one or more of her (sic) major life activities,

has a record of such impairment, and was "regarded by Defendant as having impairments." (Complaint ¶32)

4. The Defendant filed a Motion for Summary Judgment on February 2, 2021. (D.E. 60) The Defendant did not argue in the motion that the Plaintiff was not regarded as having a disability.

5. The Plaintiff filed a Memorandum of Law in Opposition to the Motion for Summary Judgment on March 11, 2021. (D.E. 73) In the memo, the Plaintiff quoted the definition of "disability," including being regarded as having an impairment; and also argued that the Plaintiff was disabled or was regarded as being disabled. (Id., p. 9)

6. The Defendant filed a Reply to Plaintiff's Response on March 24, 2021. (D.E. 74) There the Defendant, in a footnote, argued that the Plaintiff's contention that he was regarded as having a disability should be disregarded because it was not stated in his Charge of Discrimination filed with the Equal Employment Opportunity Commission and it was not stated in the Plaintiff's Amended Complaint. (Id., p. 2)

7. The Defendant filed a Motion in Limine (D.E. 75) on April 29, 2021, requesting that the Court "render an Order prohibiting Plaintiff… from introducing or referencing at trial any testimonial or documentary evidence relating to 1) Plaintiff's complaint to the Department of Labor ("DOL") regarding his use of leave under the Family Medical Leave Act ("FMLA"), and 2) Plaintiff's allegation that he was "regarded as" disabled." The Defendant claims this evidence is irrelevant, misleading, unfairly prejudicial, or otherwise inadmissible at trial.

II. <u>Law and Analysis</u>

    a. <u>"Regarded as Disabled"</u>

In order to prove a prima facie case of discrimination under the ADA, the Plaintiff must show: 1) that he suffered from a disability; 2) that he was qualified; and 3) that he was unlawfully discriminated against because of the disability. *Lucas v. W.W. Grainger*, 257 F.3d 1249, 1255 (11th Cir. 2001). The statutory definition of "disability" with respect to an individual is:

> (A)    A physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B)    A record of having such an impairment; or
>
> (C)    <u>Being regarded as having such an impairment.</u>

42 U.S.C. §12102(1) (emphasis added).

Therefore, there is no requirement that an individual specify in his or her Charge of Discrimination or in pleadings that they are "regarded as" having a disability, because it is statutorily defined as quoted above. The Defendant has not cited any legal authority for its position and it must be rejected. The Plaintiff filed a Charge of Discrimination and an Amended Complaint, both alleging that he had been discriminated against based upon having a disability in violation of the ADA.

Further, the Defendant has been on notice since the filing of the original Complaint that the Plaintiff intended to argue that he was regarded as having a disability. Therefore, there is no prejudice to the Defendant because it could have

explored the allegation during the discovery process, or moved to dismiss the Complaint on the grounds it is arguing now.

  b. <u>FMLA leave and the DOL Proceeding</u>

In order to establish a *prima facie* case of disability discrimination based upon a true disability, the Plaintiff must show that the Defendant had knowledge of a purported disability. *E.g., Cordoba v. Dillard's, Inc.*, 2003 U.S. Dist. LEXIS 26624, *26 (11th Cir. 2003), *citing, Morisky v. Broward County*, 80 F.3d 445, 448-49 (11th Cir. 1996), *Hedburg v. Indiana Bell Telephone Co., Inc.*, 47 F. 3d 928, 932-33 (7th Cir. 1995). Evidence of the fact that the Plaintiff took medical leave pursuant to the FMLA and the DOL proceeding where it was determined that the Defendant violated the FMLA (including the medical documentation) will tend to prove that the Defendant was aware of the Plaintiff's disability. (See Ex. 1) Through the FMLA and DOL processes, the Defendant was provided with countless pages of medical records from the Plaintiff's various health care providers, which will clearly establish that the Defendant was aware of the Plaintiff's disability. There is no prejudice to the Defendant should the Plaintiff be permitted to introduce testimony and documentary evidence regarding either issue.

The Plaintiff's deposition testimony that the DOL found the Defendant "guilty" and "fined" the Defendant can easily be cured before trial. Plaintiff's counsel can explain to the Plaintiff what the DOL actually determined and the action that was taken. In the alternative, should the Plaintiff testify at trial similarly to his deposition, the Defendant can cross-examine the Plaintiff and present the documentation from the DOL to support its position.

III. Conclusion

WHEREFORE, based upon the foregoing, the Plaintiff respectfully requests that the Court DENY the Defendant's Motion in Limine and allow the Plaintiff to present testimony and documentary evidence as detailed above.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 13th day of May, 2021, I filed the foregoing document with the CM/ECF System, which will serve electronic notice upon: Susan Spradley, (susan.spradley@gray-robinson.com, Chantal.mccoy@gray-robinson.com), Craig Novick (craig.novick@gray-robinson.com), Gray Robinson, P.A., 301 E. Pine St., Ste. 1400, Orlando, FL 32802.

**CPLS, P.A.**
Attorneys|Consultants|Mediators
201 East Pine Street, Suite 445
Orlando, FL 32801
Tel 407-647-7887
Fax 407-647-5396
www.cplspa.com
CPLS File No. 3956-1

_/s/ Melissa C. Mihok_
_____
ALBERTO E. LUGO-JANER, Esq.
(Lead trial counsel)
Florida Bar Number 0972592
alugo-janer@cplspa.com
MELISSA C. MIHOK, Esq.
Florida Bar Number 555851
mmihok@cplspa.com

*Counsel for Plaintiff*